UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 07 052 ML

| | | |
|---|---|---|
| WILLIAM J. MCSORLEY., SR., Individually and as Administrator of the Estate of CAROLE ANN MCSORLEY, Plaintiff | : | |
| v. | : | C.A. No.: **PLAINTIFF DEMANDS JURY TRIAL** |
| UNITED STATES OF AMERICA; KEVIN S. PALUMBO, M.D., Alias; THEODORE C. PALUMBO, M.D., Alias; THEODORE C. PALUMBO, MD., INC., Alias; UNIVERSITY GASTROENTEROLOGY, INC., Alias; ROBERT D. SIDMAN, M.D., Alias; UNIVERSITY EMERGENCY MEDICINE FOUNDATION, Alias; and RHODE ISLAND HOSPITAL, Alias Defendants | : | |

## COMPLAINT

### Facts and Parties

1. This is an action for conscious pain and suffering, wrongful death and loss of consortium brought by the plaintiff pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C., §1346 et seq., R.I.G.L. Sec. 10-7-1 et seq., and the pendant jurisdiction of this Court, arising from the circumstances relating to the medical care and treatment rendered by the defendant to the plaintiffs decedent, Carole Ann McSorley, who died on September 6, 2004.

2. The plaintiff, William McSorley, Sr., was the husband of the plaintiff's decedent and is the duly appointed Administrator of the Estate of Carole Ann McSorley, and is a resident of the City of Warwick, Kent County, State of Rhode Island.

3. The defendant, the United States of America, is a sovereign entity within the meaning of 28 U.S.C. § 1346 et seq.

4. At all material times, the defendant United States of America operated a medical facility known as Newport Naval Hospital, located in Newport, Rhode Island.

5. David Tomlinson, M.D., Alias, is a physician licensed to practice medicine in the State of Rhode Island.

6. At all relevant times, David Tomlinson, M.D., Alias, was employed by the Newport Naval Hospital, Newport, R.I., and was therefore an agent, servant or employee of the federal government. Dr. Tomlinson provided medical care and treatment to the decedent, Carole McSorley. In rendering these services, said employee of Defendant United States of America acted within the scope of his employment and with the permission of said Defendant. Said Defendant exercised exclusive control and supervision over its agents, servants, and employees and has the right to employ and discharge said agents, servants, and employees, and plaintiff invokes the doctrine of respondeat superior.

7. Kristin Fielding, M.D., Alias, is a physician licensed to practice medicine in the State of Rhode Island.

8. At all relevant times, Kristin Fielding, M.D., Alias was employed by the Newport Naval Hospital, Newport, R.I., and was therefore an agent, servant or employee of the federal government. Dr. Fielding provided medical care and treatment to the decedent, Carole McSorley. In rendering these services, said employee of Defendant United States of America acted within the scope of her employment and with the permission of said Defendant. Said Defendant exercised exclusive control and supervision over its agents, servants, and employees and has the right to employ and discharge said agents, servants, and employees, and plaintiff invokes the doctrine of respondeat superior.

9. Kevin S. Palumbo, M.D., Alias, is and was at all times relevant hereto a physician licensed to practice medicine in the State of Rhode Island, and upon information and belief had a principal place of business at 33 Staniford Street, Providence, Rhode Island.

10. Theodore C. Palumbo, M.D., Alias, is and was at all times relevant hereto a physician licensed to practice medicine in the State of Rhode Island, and upon information and belief had a principal place of business at 33 Staniford Street, Providence, Rhode Island.

11. Theodore C. Palumbo, M.D., Inc., is a corporation of the State of Rhode Island with a primary purpose of the practice of medicine, with a principal place of business at 33 Staniford Street, Providence, Rhode Island. At all times relevant hereto, Theodore C. Palumbo, M.D., Alias, was an agent, servant or employee of the aforesaid corporation.

12. University Gastroenterology, Inc., is a corporation of the State of Rhode Island with a primary purpose of the practice of medicine, with a principal place of business at 33 Staniford Street, Providence, Rhode Island. At all times stated herein, Kevin S. Palumbo, M.D., was an agent, servant and/or employee of University Gastroenterology, Inc.

13. University Gastroenterology, Inc., is a corporation of the State of Rhode Island with a primary purpose of the practice of medicine, with a principal place of business at 33 Staniford Street, Providence, Rhode Island. At all times stated herein, Theodore C. Palumbo, M.D., was an agent, servant and/or employee of University Gastroenterology, Inc.

14. Robert D. Sidman, M.D., Alias, is and was at all times relevant hereto a physician licensed to practice medicine in the State of Rhode Island, and upon information and belief had a principal place of business at 593 Eddy Street, Providence, Rhode Island.

15. University Emergency Medicine Foundation, is a corporation of the State of Rhode Island with a primary purpose of the practice of emergency medicine, with a principal place of business at 593 Eddy Street, Providence, Rhode Island. At all times stated herein, Robert D. Sidman, M.D., was an agent, servant and/or employee of University Emergency Medicine Foundation.

16. Rhode Island Hospital, is a corporation of the State of Rhode Island with a primary purpose of the practice of medicine, with a principal place of business at 593 Eddy Street, Providence, Rhode Island. At all times stated herein, Robert D. Sidman, M.D., was an agent, servant and/or employee of Rhode Island Hospital. Dr. Sidman provided medical care and treatment to the decedent, Carole McSorley. In rendering these services, said employee of Defendant Rhode Island Hospital acted within the scope of his employment and with the permission of said Defendant. Said Defendant exercised exclusive control and supervision over its agents, servants, and employees and has the right to employ and discharge said agents, servants, and employees, and plaintiff invokes the doctrine of respondeat superior.

17. At all times relevant hereto, the defendant Rhode Island Hospital, Alias, operated a medical facility located in Providence, Rhode Island.

18. On or about, before and after November 20, 2003, defendant United States of America undertook, through its agents, servants and/or employees at Newport Naval Hospital, to diagnose and treat plaintiff's decedent Carole McSorley for conditions related to her abdomen.

19. On or about December 18, 2003, and thereafter, defendant KEVIN S. PALUMBO, M.D., alias, undertook to diagnose and treat plaintiff's decedent Carole McSorley for conditions related to her abdomen.

20. On or about August 28, 2004, and thereafter, defendant THEODORE C. PALUMBO, M.D., alias, undertook to diagnose and treat plaintiff's decedent Carole McSorley for conditions related to her abdomen.

21. On or about August 28, 2004, and thereafter, defendant RHODE ISLAND HOSPITAL, alias, undertook to diagnose and treat plaintiff's decedent Carole McSorley for conditions related to her abdomen.

22. On or about August 28, 2004, and thereafter, defendant ROBERT D. SIDMAN, M.D., undertook to diagnose and treat plaintiff's decedent, CAROL ANN MCSORLEY, for conditions related to her abdomen.

23. On or about August 28, 2004, and thereafter, defendant UNIVERSITY EMERGENCY MEDICINE FOUNDATION undertook to diagnose and treat plaintiff's decedent, CAROL ANN MCSORLEY, for conditions related to her abdomen.

24. Having undertaken for valuable consideration to diagnose and treat said plaintiff, the defendants were then and thereafter under a duty to exercise the same degree of care and skill in so doing as is expected of a reasonably competent practitioner in the same class to which they belong, acting in the same or similar circumstances, having due regard for the state of scientific knowledge at the time of treatment.

## JURISDICTION

25. On or about February 24, 2006, Plaintiff, William J. McSorley, Sr., Individually, filed a Standard Form 95 (OMB No. 1105-0008) Claim with Naval Legal Service Mid-Atlantic, Tort Claims Unit, 9620 Maryland Avenue, Suite 100, Norfolk, Virginia, 23511, with a courtesy copy sent to Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Avenue SE, Suite 3000, Washington Navy Yard DC 20374-5066. The claim filed requested damages in the amount of One Million ($1,000,000) Dollars. Plaintiff filed this Standard Form 95 Claim pursuant to provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

26. On or about February 24, 2006, Plaintiff, William J. McSorley, Sr., Administrator of the Estate of Carol A. McSorley, filed a Standard Form 95 (OMB No. 1105-0008) Claim with Naval Legal Service Mid-Atlantic, Tort Claims Unit, 9620 Maryland Avenue, Suite 100, Norfolk, Virginia, 23511, with a courtesy copy sent to Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Avenue SE, Suite 3000, Washington Navy Yard DC 20374-5066. The claim filed requested damages in the amount of Five Million Two Hundred Sixty-Seven Thousand Eight Hundred Forty ($5,267,840) Dollars. Plaintiff filed this Standard Form 95 Claim pursuant to provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

27. Approximately eleven (11) months have passed since filing of these claims. To date, the government has failed to make a final disposition of this claim. Thus, this suit is timely filed pursuant to 28 U .S.C. § 2675(a).

28. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1346(b) and §2671 et seq, and the pendant jurisdiction of this Court.

## PLAINTIFF WILLIAM MCSORLEY'S CLAIMS. AS ADMINISTRATOR OF THE ESTATE OF CAROLE MCSORLEY.

## COUNT I – WRONGFUL DEATH AND CONSCIOUS PAIN AND SUFFERING

29. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

30. In the course of the treatment administered, the defendants negligently breached the aforesaid duty and negligently diagnosed and treated the said plaintiff, failing to exercise proper skill and care.

31. As a direct and proximate result of the aforesaid negligence of the defendants, plaintiff's decedent suffered great conscious pain and suffering, and subsequently died on September 6, 2004.

32. This action is brought pursuant to R.I.G.L. Sec. 10-7-1 et seq., including specifically R.I.G.L. Sec. 10-7-7.

WHEREFORE, the plaintiff demands judgment against the defendants, and each of them, for the above described damages, plus interest and costs.

## COUNT II - FAILURE TO OBTAIN INFORMED CONSENT

33. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

34. At all relevant times, average qualified members of the medical profession practicing the defendants' specialties, including the defendants, knew or should have known of the risks, potential consequences and alternatives to the defendant's choices of treatment of the plaintiff's decedent.

35. The defendants did not inform the decedent of the alternatives to, risks and potential consequences of the defendants' choices of treatment of the decedent.

36. If the defendants had informed the decedent of the alternatives to, risks and potential consequences of the defendants' choices of treatment, neither the decedent nor a reasonable person in her position would have elected the defendants' choices of treatment.

37. The alternatives to, risks and potential consequences of the defendants' choices of treatment were material to a decision by the decedent and a reasonable person in her position as to whether to elect the defendants' choices of treatment.

38. The decedent's injuries and wrongful death were the direct and proximate result of the defendants' failure to obtain informed consent.

WHEREFORE, the plaintiff demands judgment against the defendants, and each of them, for the above described damages, plus interest and costs.

## COUNT III - RES IPSA LOQUITUR

39. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

40. At various of the times referred to herein, each defendant, and/or its agents, servants and employees was in the exclusive control of the medical treatment rendered to plaintiff's decedent.

41. The events complained of herein and the injuries sustained by plaintiff's decedent do not ordinarily occur in the absence of negligence.

42. Plaintiff's decedent would not have been injured had it not been for the negligence of the aforesaid defendants

43. The indicated negligence is within the scope of the defendants' duty to the Plaintiff and plaintiff's decedent to take reasonable care in providing proper and correct medical treatment to the plaintiff's decedent.

44. Therefore, Plaintiff invokes the doctrine of res ipsa loquitur.

45. As a direct and proximate result of the aforesaid negligence of the defendants, plaintiff's decedent suffered great conscious pain and suffering, and subsequently died on September 6, 2004.

WHEREFORE, the plaintiff demands judgment against the defendants, and each of them, for the above described damages, plus interest and costs.

**PLAINTIFF WILLIAM MCSORLEY'S CLAIM**

**COUNT IV - LOSS OF CONSORTIUM**

46. The plaintiff repeats and incorporates the paragraphs heretofore set out as if each were set forth here in its entirety.

47. As a direct and proximate result of the defendants' negligence, the plaintiff suffered the loss of the society, companionship and consortium of his wife.

48. This action is brought pursuant to R.I.G.L. Sec. 10-7-1.2.

WHEREFORE, the plaintiff demands judgment against the defendants, and each of them, for the above described injuries, plus interest and costs.

**JURY CLAIM**

The plaintiff requests a jury trial on all claims as set forth herein.

Respectfully Submitted,
Attorneys for the Plaintiff,

Aram R. Schefrin (#2066)
LOVETT SCHEFRIN HARNETT
155 South Main Street
Providence, RI 02903
(401) 863-8800
(401) 863-8938 Fax

Dated: 2/6/07