**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **WILLIAM J. MCSORLEY, SR., Individually and as Administrator of the Estate of CAROLE ANN MCSORLEY** | |
| **V.** | **C.A. NO.: 07-052ML** |
| **UNITED STATES OF AMERICA; KEVIN S. PALUMBO, M.D., Alias; THEODORE C. PAULUMBO, M.D., Alias; THEODORE C. PALUMBO, M.D., INC., Alias; UNIVERSITY GASTROENTEROLOGY, INC., Alias; ROBERT D. SIDMAN, M.D., Alias; UNIVERSITY EMERGENCY MEDICINE FOUNDATION, Alias; and RHODE ISLAND HOSPITAL, Alias** | |

**ANSWER OF DEFENDANT,**
**UNIVERSITY GASTROENTEROLOGY, INC.**

Now comes Defendant, University Gastroenterology, Inc., (hereinafter sometimes referred to as "defendant" or "this defendant"), and answers the Complaint herein-filed as follows:

**FIRST DEFENSE**

**("Facts and Parties")**

1-2. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

3. Defendant makes no response to the allegations contained in paragraph 3 of the Complaint as they are not directed to it. However, to the extent the allegations purport to state a claim against this defendant, the statements contained therein are specifically denied.

4-8. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 4, 5, 6, 7 and 8 of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

9-11. Defendant makes no response to the allegations contained in paragraphs 9, 10 and 11 of the Complaint as they are not directed to it. However, to the extent the allegations purport to state a claim against this defendant, the statements contained therein are specifically denied.

12-13. Defendant admits the allegations contained in paragraphs 12 and 13 of the Complaint.

14-16. Defendant makes no response to the allegations contained in paragraphs 14, 15 and 16 of the Complaint as they are not directed to it. However, to the extent the allegations purport to state a claim against this defendant, the statements contained therein are specifically denied.

17-23. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 17, 18, 19, 20, 21, 22 and 23 of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

24. Defendant makes no response to the allegations contained in paragraph 24 of the Complaint as said allegations merely attempt to state a conclusion of law. However, to the extent the paragraph purports to state a claim against this defendant, the statements contained therein are specifically denied.

**("JURISDICTION")**

25-28. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 25, 26, 27 and 28 of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

**SECOND DEFENSE**

**("COUNT I – Wrongful Death and Conscious Pain and Suffering")**

29. Defendant reavers its responses to paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30-31. Defendant specifically denies the allegations contained in paragraphs 30 and 31 of Count I of the Complaint.

32. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Count I of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

**THIRD DEFENSE**

**("COUNT II – Failure to Obtain Informed Consent")**

33. Defendant reavers its responses to paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34-38. Defendant specifically denies the allegations contained in paragraphs 34, 35, 36, 37 and 38 of Count II of the Complaint.

**FOURTH DEFENSE**

**("COUNT III – Res Ipsa Loquitur")**

39. Defendant reavers its responses to paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Count III of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

41-45. Defendant specifically denies the allegations contained in paragraphs 41, 42, 43, 44 and 45 of Count III of the Complaint.

**FIFTH DEFENSE**

**("COUNT IV – Loss of Consortium")**

46. Defendant reavers its responses to paragraphs 1 through 45 of the Complaint as if set forth fully herein.

47. Defendant specifically denies the allegations contained in paragraph 47 of Count IV of the Complaint.

48. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Count IV of the Complaint and, therefore, leaves the plaintiff to his proof thereof.

**SIXTH DEFENSE**

Defendant denies that it is guilty of negligence.

**SEVENTH DEFENSE**

Defendant expressly denies that the plaintiff is entitled to judgment against it for any reason or cause.

**EIGHTH DEFENSE**

Without assuming the burden of proof by so doing, defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of, and defendant asserts all applicable defenses relating to comparative negligence, contributory negligence and assumption of the risk.

**NINTH DEFENSE**

In the event the plaintiff suffered injuries and damages as a result of the allegations contained in the Complaint (which are denied), defendant avers that such injuries or damages were not caused, directly or indirectly, by any act or omission of this defendant, but, such injuries or damages, if any, were caused by the intervening act or omission of persons and/or entities other than this defendant, for which act or omission the defendant is not responsible or liable.

**TENTH DEFENSE**

Without assuming the burden of proof by so doing, defendant asserts all defenses, rights, benefits and privileges pursuant to the abrogation of the collateral source rule statute in medical negligence cases.

**ELEVENTH DEFENSE**

Without assuming the burden of proof by so doing, defendant asserts that informed consent, or disclosure of risks and alternatives of treatment, is not the legal obligation of a corporation such as this defendant, thus, all such counts should be dismissed as a matter of law.

**TWELFTH DEFENSE**

Defendant reserves the right to add additional defenses as facts become known during the course of Pre-Trial Discovery.

**WHEREFORE**, defendant prays that the plaintiffs take nothing by this action and that they pay all costs of defense.

DEFENDANT, UNIVERSITY GASTROENTEROLOGY, INC.,
By its Attorneys,

WHITE, CARLIN & KELLY, P.C.

William F. White, Esq. (#4271)
155 Westminster Street, 7th Floor
The Westminster Square Building
Providence, RI 02903
(401)273-1400 / (401)273-1177 - fax

**Defendant hereby claims a trial by jury and designates William F. White, Esquire as trial counsel.**

Certification

I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid, on the 15th day of February 2007 to:

Aram R. Schefrin, Esq.
Lovett, Schefrin & Harnett
155 South Main Street
Providence, RI 02903

Francis A. Connor III, Esq.
Taylor, Duane, Barton & Gilman
10 Dorrance Street, Suite 700
Providence, RI 02903

Michael G. Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903

Kathryn LaFontaine

0890.cert