UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. MCSORLEY, SR., Individually
And as Administrator of the Estate of
CAROLE ANN MCSORLEY

v.

C.A. NO. 07-052ML
**Defendant Demands a Trial by Jury**

UNITED STATES OF AMERICA,
KEVIN S. PALUMBO, M.D., alias,
THEODORE C. PALUMBO, M.D., alias,
THEODORE C. PALUMBO, M.D., INC., alias,
UNIVERSITY GASTROENTEROLOGY, INC., alias,
ROBERT D. SIDMAN, M.D., alias,
UNIVERSITY EMERGENCY MEDICINE
FOUNDATION, alias, and RHODE ISLAND
HOSPITAL, alias

**DEFENDANT, KEVIN S. PALUMBO, M.D.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

1. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

2. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

3. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

4. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

5. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

6. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

7. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

8. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

9. Admitted.

10. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

11. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

12. Defendant denies he was an agent, servant or employee of University Gastroenterology, Inc. The remaining allegations contained in paragraph 12, this defendant is without sufficient knowledge or information to form a belief and accordingly leaves plaintiff to his proof.

13. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

14. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

15. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

16. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

17. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

18. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

19. Defendant admits that on December 18, 2003 and thereafter, he undertook to provide certain medical care and treatment for decedent, Carole McSorley for conditions related to her gastrointestinal health. The remaining allegations contained in paragraph 19 are denied.

20. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

21. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

22. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

23. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

24. Defendant denies paragraph 24 accurately articulates his duty under Rhode Island law.

25. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

26. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

27. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

28. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

**Count I**

29. Defendant incorporates by reference his answers to each of the foregoing paragraphs.

30. Denied as to this defendant. Without knowledge as to the remaining.

31. Denied.

32. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

**Count II**

33. Defendant incorporates by reference his answers to each of the foregoing paragraphs.

34. Defendant admits that he was aware of the material risks and the material potential consequences and alternatives to the treatment of plaintiff's decedent.

35. Denied.

36. Denied.

37. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leaves plaintiff to his proof.

38. Denied.

**Count III**

39. Defendant incorporates by reference his answers to each of the foregoing paragraphs.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**Count IV**

46. Defendant incorporates by reference his answers to each of the foregoing paragraphs.

47. Denied.

48. Denied.

**WHEREFORE,** this defendant demands judgment dismissing plaintiff's complaint and for costs.

**First Affirmative Defense**

To the extent during the course of this litigation, any parties against who claims are made by plaintiff as a result of the incident in question are settled, defendant affirmatively pleads the benefits of set-off to the extent of the dollar amount paid or the percentage of negligence, whichever is greater.

**Second Affirmative Defense**

Defendant pleads the benefit of the Medical Malpractice Collateral Source Rule, so-called.

**Third Affirmative Defense**

Plaintiff's injuries were occasioned by her own conduct.

**Defendant demands a trial by jury.**
**Michael G. Sarli is designated trial counsel.**

Kevin S. Palumbo, M.D.
By his attorneys,

/s/ Michael G. Sarli

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
(401) 274-6644
Fax: 331-9304
mgs@gsm-law.com

**CERTIFICATE OF SERVICE**

Aram R. Schefrin, Esq.
Lovett Schefrin Harnett
155 South Main Street
Providence, RI 02903

I hereby certify that I forwarded a copy of the foregoing to the above-reference counsel of record via deposit in the United States mail, postage prepaid/hand-delivery on this 27th of February, 2007.

/s/ Michael G. Sarli