UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. MCSORLEY, SR., Individually and as Administrator of the Estate of CAROLE ANN MCSORLEY, Plaintiff | : | |
| | : | C.A. No.: 07-052 ML |
| v. | : | |
| UNITED STATES OF AMERICA; KEVIN S. PALUMBO, M.D., Alias; THEODORE C. PALUMBO, M.D., Alias; THEODORE C. PALUMBO, M.D., INC., Alias; UNIVERSITY GASTROENTEROLOGY, INC., Alias; ROBERT D. SIDMAN, M.D., Alias; UNIVERSITY EMERGENCY MEDICINE FOUNDATION, Alias; and RHODE ISLAND HOSPITAL, Alias Defendants | : | |

# ANSWER OF DEFENDANT, RHODE ISLAND HOSPITAL

Now comes Defendant, Rhode Island Hospital, and responds as follows to the numbered paragraphs of the Plaintiff's Complaint.

1. Defendant makes no response to the allegations contained in paragraph 1 as the same constitute conclusions of law.
2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.
3. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
4. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.

5. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
6. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
7. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
8. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
9. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
10. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
11. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
12. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
13. Defendant makes no response to the allegations contained in this paragraph as the same are not directed to it.
14. Admit.
15. Admit.
16. Defendant admits that it is a corporation of the State of Rhode Island with a primary purpose of the practice of medicine with a principal place of business at 593 Eddy Street, Providence, Rhode Island; defendant denies the remaining allegations in this paragraph.

17. Admit.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Admit.

22. Admit.

23. Admit.

24. Defendant makes no response to the allegations contained in this paragraph as the same constitute conclusions of law.

## JURISDICTION

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. Defendant makes no response to the allegations contained in this paragraph as the same constitute conclusions of law.

## COUNT I

29. Defendant makes the same response to the allegations in paragraph 29 as made to the allegations in paragraphs 1 through 28.

30. The allegations in this paragraph as denied as to this defendant; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31. The allegations in this paragraph as denied as to this defendant; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32. Defendant makes no response to the allegations contained in this paragraph as the same constitute conclusions of law.

## COUNT II

33. Defendant makes the same response to the allegations in paragraph 33 as made to the allegations in paragraphs 1 through 32.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. Denied as to this defendant; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

36. Defendant denies the allegations in this paragraph and all adverse inferences.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. Denied as to this defendant; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT III

39. Defendant makes the same response to the allegations in paragraph 39 as made to the allegations in paragraphs 1 through 38.
40. Denied as to this defendant; defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.
41. Denied.
42. Denied.
43. Denied.
44. Denied.
45. Denied.

## COUNT IV

46. Defendant makes the same response to the allegations in paragraph 46 as made to the allegations in paragraphs 1 through 45.
47. Denied.
48. Defendant makes no response to the allegations in this paragraph as the same constitute conclusions of law.

## FIRST DEFENSE

Plaintiff's complaint is barred by the applicable statute of limitations.

**SECOND DEFENSE**

To the extent it may become applicable, Defendant asserts the defense of Assumption of the Risk.

**THIRD DEFENSE**

Defendant pleads the benefit of the Medical Malpractice Collateral Source Rule Exception, so called.

Defendant,
Rhode Island Hospital
By his Attorneys,

BOWERMAN & TAYLOR GUERTIN

Seth E. Bowerman, Esquire (#2604)
One Turks Head Place
Suite 1300
Providence, RI 02903
(401) 277-1300
(401) 277-1119 FAX

Defendant, Rhode Island Hospital, hereby demands a trial by jury and designates Seth E. Bowerman as his trial attorney.

PROOF OF SERVICE

I hereby certify that on this 9 day of March 2007, that the within was served upon **Aram Schefrin, Esquire**, 155 South Main Street, Suite 200, Providence, RI 02903, **Michael G. Sarli, Esquire,** Gidley Sarli & Marusak, One Turks Head Place, Suite 900 Providence, RI 02903, and **Francis Connor, Esquire**, Taylor Duane Barton & Gilman, 10 Dorrance Street, Providence, RI 02903 at their usual place of business.

**BOWERMAN & TAYLOR GUERTIN**