**UNITED STATE DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM J. MCSORLEY, SR., et. al.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. NO: 07-52-ML** |
| | ) | |
| **UNITED STATES OF AMERICA, et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER

NOW COMES the Defendant, the United States of America (hereinafter, the United States), by counsel, and in response to each numbered paragraph of the Plaintiff's Complaint, states as follows:

### Facts and Parties

1. Paragraph one of Plaintiff's Complaint consists of a legal characterization of the claims to which no response is required. To the extent a response may be required, defendant admits that Carole Ann McSorley died on September 6, 2004. Defendant denies the remaining allegations in Paragraph one of Plaintiff's Complaint.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admitted in part and denied in part. Defendant admits that David Tomlinson, LCDR, MC, USN was employed by the United States Navy. Defendant further admits that David Tomlinson provided medical care and treatment to the decedent, Carole McSorley. Defendant

denies all other allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Denied.

8. Admitted in part and denied in part. United States admits that LCDR Kristin M. H. Fielding, MC, USNR was employed by the United States Navy. All other allegations contained in this paragraph are denied.

9. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Admitted in part and denied in part. The United States admits that Carole McSorley received medical care at the Newport Naval Hospital. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. In response to paragraph 24 of the Plaintiff's Complaint, the United States asserts that it is not required to respond to allegations or conclusions of law. To the extent that a response may be necessary, all matters alleged in this paragraph are denied.

## JURISDICTION

25. Admit.

26. Admit.

27. Admitted in part and denied in part. The United States admits that jurisdiction exists pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-80, but denies the remaining allegations.

28. Admitted in part and denied in part. The United States admits that jurisdiction in this matter exists pursuant to the terms of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-80. All other allegations contained in this paragraph are denied.

## COUNT 1 –WRONGFUL DEATH AND CONSCIOUS PAIN AND SUFFERING

29. In response to paragraph 29 of the Plaintiff's Complaint, the United States restates and reasserts each and every answer and defense contained in paragraphs 1 – 28 above as if set

forth fully herein.

30. Paragraph 30 of the Complaint is Plaintiff's legal assertions to which no answer is required. To the extent, however, that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

31. Paragraph 31 of the Complaint is Plaintiff's legal assertions to which no answer is required. To the extent, however, that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

32. Paragraph 32 of the Plaintiff's Complaint, is Plaintiff's legal assertions to which no response is required. To the extent, however, a response may be ncessary, the allegations are denied.

In response to the paragraph of the Plaintiff's Complaint beginning "WHEREFORE," the United States denies that the Plaintiff is entitled to judgment, denies liability in the case, and denies that the Plaintiff is entitled to any damages.

**COUNT II –FAILURE TO OBTAIN INFORMED CONSENT**
**WRONGFUL DEATH AND**
**CONSCIOUS PAIN AND SUFFERING**

33. In response to paragraph 33 of the Plaintiff's complaint, the United States restates and reasserts each and every answer and defense contained in paragraphs 1 – 32 above as if set forth fully herein.

34. Paragraph 34 of Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

35. Paragraph 35 of the Complaint is Plaintiff's legal assertions to which no response is required. To the extent, however, that the aforementioned paragraph may be deemed to set

forth allegations of fact, they are denied.

36. Paragraph 36 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

37. Paragraph 37 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

38. Paragraph 38 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent, however, that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

In response to the paragraph of the Plaintiff's Complaint beginning "WHEREFORE," the United States denies that the Plaintiff is entitled to judgment, denies liability in the case and denies that the Plaintiff is entitled to any damages.

**COUNT III – RES IPSA LOQUITUR**

39. In response to paragraph 39 of the Plaintiff's complaint, the United States restates and reasserts each and every answer and defense contained in paragraphs 1 – 38 above as if set forth fully herein.

40. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. Paragraph 41 of the Plaintiff's Complaint is Plaintiff's legal assersions to which no response is required. To the extent that a response may be necessary, all matters alleged in this paragraph are denied.

42. Paragraph 42 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent that a response to this paragraph may be necessary, all matters alleged in this paragraph are denied.

43. Paragraph 43 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent that a response to this paragraph may be necessary, all matters alleged in this paragraph are denied.

44. Paragraph 44 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent that a response may be necessary, all matters alleged in this paragraph are denied.

45. Paragraph 45 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent that a response may be necessary, all matters alleged in this paragraph are denied.

In response to the paragraph of the Plaintiff's Complaint beginning "WHEREFORE," the United States denies that the Plaintiff is entitled to judgment, denies liability in the case, and denies that the Plaintiff is entitled to any damages.

**COUNT IV – LOSS OF CONSORTIUM**

46. In response to paragraph 46 of the Plaintiff's Complaint, the United States restates and reasserts each and every answer and defense contained in paragraphs 1 – 45 above as if set forth fully herein.

47. Paragraph 47 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent that a response may be necessary, all matters alleged in this paragraph are denied.

48. Paragraph 48 of the Plaintiff's Complaint is Plaintiff's legal assertions to which no response is required. To the extent a response may be necessary, all matters alleged in this paragraph are denied.

In response to the paragraph of the Plaintiff's Complaint beginning "WHEREFORE," the United States denies that the Plaintiff is entitled to judgment, denies liability in the case, and denies that the Plaintiff is entitled to any damages.

**JURY CLAIM**

49. In response to Plaintiff's request for a jury trial, the United States asserts that pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-80, there is no right to a jury trial.

**AFFIRMATIVE DEFENSES**

50. Without waiving, limiting, or qualifying the answers, responses and assertions set forth in paragraphs 1 through 49 herein, and pleading in the alternative where appropriate, the United States asserts its additional and/or affirmative defenses, as follows:

**FIRST DEFENSE**

51. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

52. All injuries and damages alleged by Plaintiff were sustained without any negligence, fault, or want of care on the part of the Defendant.

**THIRD DEFENSE**

53. All injuries and damages alleged by Plaintiff as giving rise to this action were caused by the negligence or failure to exercise due care on the part of Plaintiff.

**FOURTH DEFENSE**

54. In the event the Defendant is found to be negligent, which negligence the Defendant denies, the negligence of the Plaintiff contributed to causing the alleged injuries and damages and any recovery by Plaintiff must be proportionally reduced.

**FIFTH DEFENSE**

55. Plaintiff's damages, if any proven, are limited to the amount demanded in the administrative claim pursuant to 28 U.S.C. § 2675(b).

**SIXTH DEFENSE**

56. The United States is not liable for interest prior to judgment or for punitive or special damages, pursuant to 28 U.S.C. § 2674.

**SEVENTH DEFENSE**

57. Plaintiff assumed the risk.

**EIGHTH DEFENSE**

58. Defendant claims all defenses, rights and privileges available to Defendants in medical malpractice cases under the law of the State of Rhode Island, including but not limited to the collateral source rule codified at R.I. Gen. Laws § 9-19-34.

**NINTH DEFENSE**

59. The Complaint is barred by the applicable statute of limitations.

**TENTH DEFENSE**

60. Plaintiff is limited to only those claims raised in the administrative claim, 28 U.S.C. § 2675.

**ELEVENTH DEFENSE**

61. The injuries and/or damages alleged were caused if at all by the acts or omissions of others over whom this Defendant had no control, or were the result of a disease process over which Defendant had no control, and not by any negligent act or omission by the Defendant.

WHEREFORE, Defendant, having fully answered the allegations in the Complaint, respectfully requests that the Court enter judgment in its favor, dismiss the Complaint, award Defendant its costs for defense of this action, and award such other relief as the Court considers just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA,
Defendant.

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: adi.goldstein@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 12th day of April, 2007, I electronically filed the within Answer with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Aram R. Schefrin, Esq.
Lovett Schefrin Harnett
155 South Main Street
Providence, RI 02903

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: adi.goldstein@usdoj.gov