301135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. MCSORLEY, SR.,
Individually and as Administrator of the
Estate of CAROLE ANN MCSORLEY,
Plaintiff,

v.

UNITED STATES OF AMERICA;
KEVIN S. PALUMBO, M.D., alias;
THEODORE C. PALUMBO, M.D., alias;
THEODORE C. PALUMBO, M.D.,
INC., alias; UNIVERSITY
GASTROENTEROLOGY, INC., alias;
ROBERT D. SIDMAN, M.D., alias;
UNIVERSITY EMERGENCY
MEDICINE FOUNDATION, alias; and
RHODE ISLAND HOSPITAL, alias,
Defendants.

C.A. No. 07-052ML

**ANSWER OF DEFENDANTS THEODORE C. PALUMBO, M.D. AND THEODORE C. PALUMBO, M.D., INC. TO THE PLAINTIFF'S COMPLAINT**

Defendants Theodore C. Palumbo. Inc., and Theodore C. Palumbo, M.D., Inc. are hereinafter referenced in this Answer as "the defendants."

**Facts and Parties**

1. This paragraph of the plaintiff's Complaint does not require a responsive pleading. To the extent a response is deemed required, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

3.-9. These paragraphs of the plaintiff's Complaint do not pertain to these defendants.

10. The defendants admit the allegations contained in this paragraph of the plaintiff's Complaint.

11. The defendants admit that Theodore C. Palumbo, M.D. was an employee of Theodore C. Palumbo, M.D., Inc.

12. This paragraph of the plaintiff's Complaint does not pertain to these defendants.

13. The defendants deny that Theodore C. Palumbo, M.D. was an agent, servant, and/or employee of University Gastroenterology, Inc.

14.-17. These paragraphs of the plaintiff's Complaint do not pertain to these defendants.

18.-19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

20. The defendants deny the allegations contained in this paragraph of the plaintiff's Complaint.

21.-23. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

24. This paragraph of the plaintiff's Complaint sets forth a legal conclusion rather than a factual allegation, and, therefore, no response is required. To the extent a response is deemed required, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

## Jurisdiction

25.-28. These paragraphs of the plaintiff's Complaint set forth legal conclusions rather than a factual allegations, and, therefore, no response is required. To the extent a response is deemed required, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

## Count I— Wrongful Death and Conscious Pain and Suffering

29. The defendants repeat and incorporate by reference their answers to paragraphs 1-28 of the plaintiff's Complaint as if herein fully set forth.

30.-31. The defendants deny the allegations contained in this paragraph of the plaintiff's Complaint.

32. This paragraph of the plaintiff's Complaint does not require a responsive pleading.

## Count II— Failure to Obtain Informed Consent

33. The defendants repeat and incorporate by reference their answers to paragraphs 1-32 of the plaintiff's Complaint as if herein fully set forth.

34. This paragraph of the plaintiff's Complaint sets forth a legal conclusion rather than a factual allegation, and, therefore, no response is required. To the extent a response is deemed required, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the plaintiff's Complaint and, therefore, leave the plaintiff to his proof.

35.-38. The defendants deny the allegations contained in these paragraphs of the plaintiff's Complaint.

## Count III— Res Ipsa Loquitur

39. The defendants repeat and incorporate by reference their answers to paragraphs 1-38 of the plaintiff's Complaint as if herein fully set forth.

40.-43. The defendants deny the allegations contained in these paragraphs of the plaintiff's Complaint.

44. This paragraph of the plaintiff's Complaint does not require a responsive pleading.

45. The defendants deny the allegations contained in this paragraph of the plaintiff's Complaint.

## Count IV– Loss of Consortium

46. The defendants repeat and incorporate by reference their answers to paragraphs 1-45 of the plaintiff's Complaint as if herein fully set forth.

47. The defendants deny the allegations contained in this paragraph of the plaintiff's Complaint.

48. This paragraph of the plaintiff's Complaint does not require a responsive pleading.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries as alleged, the same were caused through the acts or omissions of third persons, for whose conduct the defendants are not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by reason of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

The negligence of the plaintiff caused or contributed to cause the injuries of which the plaintiff complains and any liability should, accordingly, be apportioned between the plaintiff and the defendants pursuant to R.I. Gen. Laws § 9-20-4.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the plaintiff knowingly assumed the risk of the injuries that are alleged in the plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by reason of laches.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims against the defendants are barred by the doctrine of superceding/intervening causation.

**THE DEFENDANTS, THEODORE C. PALUMBO, M.D. AND THEODORE C. PALUMBO, M.D., INC., DEMAND A TRIAL BY JURY.**

The Defendants,
Theodore C. Palumbo, M.D. and
Theodore C. Palumbo, M.D., Inc.,
By their Attorneys,

Francis A. Connor, III
R.I. Bar No. 4640
Andrew C. Coulam
R.I. Bar No. 6884
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street
Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904/Facsimile

**CERTIFICATE OF SERVICE**

I, Andrew C. Coulam, hereby certify that on May 14, 2007, I served a true and accurate copy of the following:

1. Answer of Defendants Theodore C. Palumbo, M.D. and Theodore C. Palumbo, M.D., Inc. to the Plaintiffs' Complaint.

Aram R. Schefrin, Esq.
Lovett Schefrin Harnett
155 South Main Street
Providence, RI 02903

Willam F. White, Esq.
White, Carlin & Kelly, P.C.
155 Westminster Street, 7th Floor
Providence, RI 02903

Seth E. Bowerman, Esq.
Bowerman & Taylor-Guertin, P.C.
One Turks Head Place, Suite 1300
Providence, RI 02903

Michael G. Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903

Adi Goldstein, Esq.
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
adi.goldstein@usdoj.gov

by CM/ECF electronic mail notification, to the following individuals listed on the Electronic Mail Notice List for the above matter:

/s/ Andrew C. Coulam