309607

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. MCSORLEY, SR., Individually and as Administrator of the Estate of CAROLE ANN MCSORLEY, Plaintiff,

v.

UNITED STATES OF AMERICA; KEVIN S. PALUMBO, M.D., alias; THEODORE C. PALUMBO, M.D., alias; THEODORE C. PALUMBO, M.D., INC., alias; UNIVERSITY GASTROENTEROLOGY, INC., alias; ROBERT D. SIDMAN, M.D., alias; UNIVERSITY EMERGENCY MEDICINE FOUNDATION, alias; and RHODE ISLAND HOSPITAL, alias, Defendants.

C.A. No. 07-052ML

**MOTION OF DEFENDANTS KEVIN S. PALUMBO, M.D., THEODORE C. PALUMBO, M.D., THEODORE C. PALUMBO, M.D., INC., UNIVERSITY GASTROENTEROLOGY, INC., ROBERT D. SIDMAN, M.D., UNIVERSITY EMERGENCY MEDICINE FOUNDATION, AND RHODE ISLAND HOSPITAL PURSUANT TO RULE 37 TO IMPOSE SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S PRETRIAL ORDER**

The defendants[1] identified above hereby jointly move the Court to impose sanctions on the plaintiff under Federal Rule of Civil Procedure 37(c) for his failure to comply with the Court's Pretrial Order and to produce his expert's written report under Federal Rule of Civil Procedure 26(a)(2).

[1] All defendants except the United States of America have signed this motion. The United States' Attorneys' office has informed us that it will file a separate motion in support of Rule 37 sanctions against the plaintiff.

Under this Court's Pretrial Order, the plaintiff was ordered to produce the written reports of his experts under Rule 26(a)(2) by November 15, 2007. The plaintiff in this case of alleged medical negligence has never produced the report of his medical expert, Dr. Perry Hookman. Furthermore, the defendants repeatedly made the plaintiff aware that the deadline for production of Dr. Hookman's report had come and gone. The only response was the production of purported "notes" some five weeks later. The plaintiff has neither produced the report nor moved to extend the deadline set forth clearly in the Court's Pretrial Order.

The Court has broad discretion to enforce its case management orders through Rule 37 sanctions. *See, e.g.*, *Santiago-Diaz v Laboratorio Clinico Y De Referencia Del Este and Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (affirming that the District Court acted within its discretion to preclude the plaintiffs' expert testimony for failure to adequately disclose their experts). Such sanctions are warranted where, as here, a party continues to willfully ignore a Court deadline and the respectful inquiries of the other parties. The sanction of precluding the plaintiff from calling or otherwise using the opinions of his expert, Dr. Perry J. Hookman, at trial is expressly written into Rule 37(c)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(c)(1).

Accordingly, the defendants identified above respectfully request that this Court sanction the plaintiff under Rule 37 by precluding the plaintiff from calling Dr. Perry J. Hookman as a witness or otherwise referencing the opinions of Dr. Perry J. Hookman at trial.

The grounds for this motion are more fully set forth in the accompanying memorandum of law.

The Defendants,
Theodore C. Palumbo, M.D. and Theodore C. Palumbo, M.D., Inc.,
By their Attorneys,

/s/ Andrew C. Coulam
Francis A. Connor, III
Andrew C. Coulam
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904/Facsimile

The Defendant,
Kevin S. Palumbo, M.D.
By his Attorney,

/s/ Michael G. Sarli
Michael G. Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903

(401) 274-6644
(401) 331-9304/facsimile

The Defendants,
Robert D. Sidman, M.D.;
Rhode Island Hospital; and
University Emergency Medicine Foundation
By their Attorney,

/s/ Seth E. Bowerman
Seth E. Bowerman, Esq.
Bowerman & Taylor-Guertin, P.C.
One Turks Head Place, Suite 1300
Providence, RI 02903

(401) 277-1300
(401) 277-1119/facsimile

The Defendant,
University Gastroenterology, Inc.
By its Attorney,

/s/ William F. White
William F. White, Esq.
White, Carlin & Kelly, P.C.
155 Westminster Street, 7th Floor
Providence, RI 02903

(401) 273-1400
(401) 273-1177 /facsimile

309610

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. MCSORLEY, SR., Individually and as Administrator of the Estate of CAROLE ANN MCSORLEY, Plaintiff, | |
| v. | C.A. No. 07-052ML |
| UNITED STATES OF AMERICA; KEVIN S. PALUMBO, M.D., alias; THEODORE C. PALUMBO, M.D., alias; THEODORE C. PALUMBO, M.D., INC., alias; UNIVERSITY GASTROENTEROLOGY, INC., alias; ROBERT D. SIDMAN, M.D., alias; UNIVERSITY EMERGENCY MEDICINE FOUNDATION, alias; and RHODE ISLAND HOSPITAL, alias, Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS KEVIN S. PALUMBO, M.D., THEODORE C. PALUMBO, M.D., THEODORE C. PALUMBO, M.D., INC., UNIVERSITY GASTROENTEROLOGY, INC., ROBERT D. SIDMAN, M.D., UNIVERSITY EMERGENCY MEDICINE FOUNDATION, AND RHODE ISLAND HOSPITAL PURSUANT TO RULE 37 TO IMPOSE SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S PRETRIAL ORDER**

On May 16, 2007, the Court issued a Pretrial Order which provided a six month period - until November 15, 2007 – within which the plaintiff was required to provide the defendants with the written reports of his experts under Federal Rule of Civil Procedure 26(a)(2)(B). (Please see a copy of the Pretrial Order, attached hereto as **Exhibit A.**) On July 24, 2007, the plaintiff disclosed Dr. Perry J. Hookman as his medical expert, but the plaintiff

did not provide a written report of Dr. Perry's opinions.[1] (Please see plaintiff's answer number 13 in Plaintiff, William J. McSorley, Sr.'s, as Administrator of the Estate of Carole Ann McSorley, Answers to Defendant Theodore C. Palumbo, M.D.'s Interrogatories, attached hereto as **Exhibit B**.) The November 15 deadline came and went, and Dr. Hookman's report was not forthcoming.

At the end of November, defense counsel in the United States Attorneys' office inquired about the whereabouts of the plaintiff's written expert report to plaintiff's counsel, but never received a response. (Please see Assistant U.S. Attorney's December 26, 2007 letter to Mr. Schefrin, a copy of which is attached hereto as **Exhibit C**, which references this telephone conversation.) On December 3, 2007, counsel for defendant University Gastroenterology, Inc. made further inquiry to this end. (Please see a copy of this letter, attached hereto as **Exhibit D**.) On December 20, 2007, the Assistant U.S. Attorney again made the plaintiff aware of his failure to meet the Court deadline. (Please see a copy of this letter, attached hereto as **Exhibit E**.) Counsel for defendant Theodore Palumbo, M.D. also wrote a letter demanding the written report. (Please see a copy of this letter, attached hereto as **Exhibit F**.)

Plaintiff's response was inexplicable: he still did not produce the written expert report. Instead, on December 21, 2007— almost five weeks past the deadline— the plaintiff produced Dr. Hookman's "notes." (Please see a copy, attached hereto as **Exhibit G**, of Attorney Schefrin's letter, as well as its enclosed "notes.") The "notes" appear to be a rambling, stream-of-consciousness narrative of Mr. Hookman's impressions of the records.

[1] This is an alleged medical malpractice case in which the plaintiff claims that the defendants, who are health care providers, were negligent in failing to prevent Carole Ann McSorley's death in September of 2004.

(Please see Exhibit G.) Unexplained abbreviations and sentence fragments abound. A cohesive opinion and an intelligible description of the bases for that opinion are spectacularly lacking. (Please see Exhibit G.)

When repeatedly confronted with his continued, willful failure to abide by this Court's deadline, plaintiff's counsel made no apology and made no promise for further supplemental disclosure. In his letter on December 28, 2007, a copy of which is attached as **Exhibit H**, Mr. Schefrin simply said that there is no expert report, and only then provided Dr. Hookman's curriculum vitae and rate schedule. (Please see Exhibit H.) His dismissive attitude toward the Court's Pretrial Order, which he never sought to amend, and his continued failure to live up to his obligations under the Rules of Civil Procedure are best summed up in the final sentence of his December 28 letter: "I see no prejudice to you." (Please see Exhibit H.)

The plaintiff's response certainly does "not come within a country mile" of an adequate expert report. *Santiago-Diaz v Laboratorio Clinico Y De Referencia Del Este and Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (affirming District Court's dismissal of medical malpractice action where plaintiff failed to provide mandatory expert reports by court deadlines). It would be hard pressed for anyone to interpret Dr. Hookman's "notes" as a "complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions … ." Fed. R. Civ. P. 26(a)(2)(B).

Even Dr. Hookman does not believe so. A boilerplate page at the end of Dr. Hookman's notes states, "I, Perry Hookman, M.D., reserve the right to add to or change my report in view of matters which may turn up in discovery." Notably, Dr. Hookman crossed out the typed word "report," and wrote in by hand "notes" before signing his name. (Please see Exhibit F.) By his own boilerplate, it is obvious that Dr. Hookman produces written reports, for why else would he reserve the right to change a report? It is also obvious that Dr. Hookman himself does not consider his disjointed rambling of sentence fragments to be a report. If Attorney Schefrin wished to get a written expert report from Dr. Hookman, he clearly could have done so. Attorney Schefrin chose not to obtain one, even though this Court ordered him to do so.

Federal Rule of Civil Procedure 37(c)(1) provides as follows:

> Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

Rule 37(c)(1) specifically contemplates sanctioning conduct of the sort undertaken by the plaintiff's here. The mandatory disclosure of detailed written expert reports is set forth in Rule 26(a)(2)(B). Rule 26(a)(2)(C) in turn provides that the timing of the production of the expert disclosures may be set by court order. *See* Fed. R. Civ. P. 26(a)(2)(C). The Pretrial Order mandated that the plaintiff's production occur by November 15, 2007. (Please see Pretrial Order, Exhibit A.) The plaintiff violated the Order by failing to produce the report by November 15, 2007. Accordingly, the plaintiff failed "to provide information or identify a witness" as required by Rule 26(a), and his failure should be sanctioned under Rule 37(c)(1). *See* Fed. R. Civ. P. 37(c)(1), *supra*.

Federal case law is abundantly clear: failure to obey discovery scheduling orders brings serious consequences. "'[L]itigants have an unflagging duty to comply with clearly communicated case-management orders.'" *Santiago-Diaz v Laboratorio Clinico Y De Referencia Del Este and Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) (affirming District Court's dismissal of medical malpractice action where plaintiff failed to provide mandatory expert reports by court deadlines) (quoting *Rosario-Diaz v Gonzalez*, 140 F.3d 312, 314 (1st Cir. 1998)). A party's disregard of a court order is a paradigmatic example of extreme misconduct. *See Torres-Vargas v Pereira*, 431 F.3d 389, 393 (1st Cir. 2005) (affirming District Court's dismissal of plaintiff's § 1983 claim where plaintiff failed timely to respond to discovery requests under the court's scheduling order). "It is settled law that a party flouts a court order at his peril." *Id.* "Whenever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised. Courts are entitled to take sensible measures to guard against such debilitating occurrences."

*Santiago-Diaz*, *supra*, 456 F.3d at 277. "The baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'" *Id.* at 276 (quoting *Lohnes v Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001)).

The plaintiff cannot say that his failure to obey the Pretrial Order is "substantially justified." If the failure to produce the expert report was inadvertent, then the defendants' inquiries should have alerted the plaintiff to his oversight, and the report would have been quickly produced. If for some inexplicable reason six months were not enough time for the plaintiff to obtain a written report from Dr. Hookman, then he could have moved to extend the deadline with an explanation that might have been deemed "substantially justified." That the plaintiff did not do so speaks volumes.

The First Circuit in *Santiago-Diaz* upheld a District Court's preclusion of the plaintiff's medical expert in a medical malpractice case where the plaintiff submitted a one-page expert disclosure that similarly did "not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules." *Santiago-Diaz*, *supra*, 456 F.3d at 276. The District Court found that preclusion of the expert testimony was an equitable sanction under those circumstances, and the First Circuit agreed that the lower court had been within its discretion to do so. *See id.* at 278.

The Eastern District of Pennsylvania in the *Puricelli* case also concluded that the failure to provide expert reports warranted preclusion of the testimony of the plaintiffs' expert at trial. *Puricelli v Houston*, 2000 WL 760522 (E.D.Pa. June 12, 2000). The District Court reasoned that the plaintiffs' failure to produce the reports, their failure to seek extension on that deadline to produce them, and their failure to respond to the defendants'

attempts to obtain the reports without resorting to court action warranted the preclusion. *See id.* at *16. In the case at bar, the plaintiff has also failed to produce Dr. Hookman's report or to seek an extension on the court ordered deadline. He too rejected the defendants' attempts to get the reports without court action. As such, this Court is well within its discretion to preclude Dr. Hookman from testifying at trial. *See id.* at *16.

Accordingly, for the reasons stated above, the defendants identified above respectfully request that this Court sanction the plaintiff under Rule 37 by precluding the plaintiff from calling Dr. Perry J. Hookman as a witness of otherwise referencing the opinions of Dr. Perry J. Hookman at trial.

The Defendants,
Theodore C. Palumbo, M.D. and Theodore C. Palumbo, M.D., Inc.,
By their Attorneys,

<u>/s/ Andrew C. Coulam</u>
Francis A. Connor, III
Andrew C. Coulam
Taylor Duane Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

(401) 273-7171
(401) 273-2904/Facsimile

The Defendant,
Kevin S. Palumbo, M.D.
By his Attorney,

<u>/s/ Michael G. Sarli</u>
Michael G. Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903

(401) 274-6644
(401) 331-9304/facsimile

The Defendants,
Robert D. Sidman, M.D.;
Rhode Island Hospital; and
University Emergency Medicine Foundation
By their Attorney,

/s/ Seth E. Bowerman
Seth E. Bowerman, Esq.
Bowerman & Taylor-Guertin, P.C.
One Turks Head Place, Suite 1300
Providence, RI 02903

(401) 277-1300
(401) 277-1119/facsimile

The Defendant,
University Gastroenterology, Inc.
By its Attorney,

/s/ William F. White
William F. White, Esq.
White, Carlin & Kelly, P.C.
155 Westminster Street, 7th Floor
Providence, RI 02903

(401) 273-1400
(401) 273-1177 /facsimile

310514

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. MCSORLEY, SR.,
Individually and as Administrator of the
Estate of CAROLE ANN MCSORLEY,
Plaintiff,

v. C.A. No. 07-052ML

UNITED STATES OF AMERICA;
KEVIN S. PALUMBO, M.D., alias;
THEODORE C. PALUMBO, M.D., alias;
THEODORE C. PALUMBO, M.D.,
INC., alias; UNIVERSITY
GASTROENTEROLOGY, INC., alias;
ROBERT D. SIDMAN, M.D., alias;
UNIVERSITY EMERGENCY
MEDICINE FOUNDATION, alias; and
RHODE ISLAND HOSPITAL, alias,
Defendants.

**CERTIFICATE OF SERVICE**

I, Andrew C. Coulam, attorney for defendant Theodore C. Palumbo, M.D., hereby certify that on January 24, 2008, I electronically filed a true and accurate copy of the foregoing:

1. Motion of Defendants Kevin S. Palumbo, M.D., Theodore C. Palumbo, M.D., Theodore C. Palumbo, M.D., Inc., University Gastroenterology, Inc., Robert D. Sidman, M.D., University Emergency Medicine Foundation, and Rhode Island Hospital Pursuant to Rule 37 to Impose Sanctions for Plaintiff's Failure to Comply with the Court's Pretrial Order;

2. Memorandum of Law in Support of Motion of Defendants Kevin S. Palumbo, M.D., Theodore C. Palumbo, M.D., Theodore C. Palumbo, M.D., Inc., University Gastroenterology, Inc., Robert D. Sidman, M.D., University Emergency Medicine Foundation, and Rhode Island Hospital Pursuant to Rule 37 to Impose Sanctions for Plaintiff's Failure to Comply with the Court's Pretrial Order; and

3. Certificate of Service.

By electronic notice, to:

Aram R. Schefrin, Esq.
aschefrin@comcast.net; dclarke@lovettlaw.com

Willam F. White, Esq.
wwhite@wck-law.com; mquadros@wck-law.com; calard@wck-law.com

Seth E. Bowerman, Esq.
seb@bowermantaylor.com

Michael G. Sarli, Esq.
mgs@gsm-law.com

Richard Myrus, Esq.
Richard.Myrus@USDOJ.gov; nancy.a.diquinzio@usdiquinzio@usdoj.gov;
dulce.donovan@usdoj.gov

/s/ Andrew C. Coulam
Andrew C. Coulam