**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM J. MCSORLEY, SR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CAROLE ANN MCSORLEY, PLAINTIFF, | ) | |
| v. | ) | C.A. NO. 07-052ML |
| UNITED STATES OF AMERICA, ET AL., DEFENDANTS | ) | |

**UNITED STATES' MOTION TO PRECLUDE PLAINTIFF FROM OFFERING THE EXPERT TESTIMONY OF PERRY J. HOOKMAN**

Pursuant to Federal Rule of Civil Procedure 26(a) and 37( c), the United States hereby moves the Court for an order precluding plaintiff from offering the expert testimony of Dr. Perry J. Hookman.

Under the Court's Pretrial Order, plaintiff was required to provide expert reports by November 15, 2007. Although plaintiff has stated that he intends to rely on Dr. Hookman's opinions in this case, plaintiff has unapologetically refused to provide an expert report from him. Instead, more than a month after the court-ordered deadline for plaintiff to provide expert reports, plaintiff sent defendants shorthand "notes" from Dr. Hookman. Plaintiff did not seek leave of Court to submit these materials after the deadline, and they do not comply with the requirements of Rule 26(a)(2)(B).

Fed. R. Civ. P. 26(a)(2)(B) provides that

> the report shall contain a complete statement of all opinions to be expressed and the basis and reasons for them; the data or other information considered by the witness in forming them; any exhibits to be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the

> previous 10 years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Dr. Hookman's notes are largely unintelligible and set forth neither a statement of Dr. Hookman's opinions regarding each defendant nor the basis for any such opinions. Defendants were entitled to an expert report from Dr. Hookman that complied with Fed. R. Civ. P. 26(a)(2) on November 15, 2007. Because plaintiff has flouted the Court's Pretrial Order and Rule 26, plaintiff should be precluded from relying on Dr. Hookman's opinions.

On January 24, 2007, defendant Theodore Palumbo filed a Motion for Sanctions for Plaintiff's Failure To Comply with the Court's Pretrial Order and supporting Memorandum of Law, regarding Dr. Hookman. The United States respectfully incorporates herein defendant Palumbo's Memorandum of Law.

Accordingly, the United States requests that the Court preclude plaintiff from offering the expert testimony of Dr. Hookman in this case.

ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard Myrus
RICHARD MYRUS
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2008, I electronically filed the within Motion with the Clerk of the United States District Court fot he District of Rhoe Island using the CM/ECF System.

/s/ Richard Myrus
Assistant U.S. Attorney