**HEARING DATE: March 19, 2008**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **WILLIAM J. MCSORLEY, SR., Individually and as Administrator of the Estate of CAROLE ANN MCSORLEY** | |
| | **C.A. NO.: 07-052ML** |
| **V.** | |
| **UNITED STATES OF AMERICA; KEVIN S. PALUMBO, M.D., Alias; THEODORE C. PAULUMBO, M.D., Alias; THEODORE C. PALUMBO, M.D., INC., Alias; UNIVERSITY GASTROENTEROLOGY, INC., Alias; ROBERT D. SIDMAN, M.D., Alias; UNIVERSITY EMERGENCY MEDICINE FOUNDATION, Alias; and RHODE ISLAND HOSPITAL, Alias** | |

**DEFENDANT, UNIVERSITY GASTROENTEROLOGY, INC.'S, OBJECTION TO CO-DEFENDANT, RHODE ISLAND HOSPITAL'S, MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Now comes Defendant, University Gastroenterology, Inc. and hereby objects to Co-Defendant's motion to Quash and/or for a Protective Order in the above-captioned matter. In support of this Objection, University Gastroenterology states that the medical records sought are not protected by The Confidentiality of Health Care Communications and Information Act, R.I.G.L. §5-37.3-1 et seq.

## FACTS

On February 6, 2007, Plaintiff filed the Complaint naming the United States of America, Kevin S. Palumbo, M.D., Theodore C. Palumbo, M.D., Theodore C. Palumbo, M.D., Inc., University Gastroenterology, Inc., Robert D. Sidman, M.D., University Emergency Medicine Foundation, and Rhode Island Hospital as defendants. Plaintiff alleges medical negligence, specifically failure to diagnosis diverticulitis resulting in perforation of inflamed colonic diverticuli leading to the death of decedent.

On February 14, 2008, University Gastroenterology, Inc. served subpoenas *duces tecum* on Co-Defendant, Rhode Island Hospital and Rhode Island Hospital Department of Diagnostic Imaging seeking a complete copy of Rhode Island Hospital's medical record for Carole Ann McSorley. Accompanying the subpoenas were notices for the deposition of the Keeper of Records for Co-Defendant to be conducted March 14, 2008, notifications to plaintiff of his right to challenge the subpoena, and certification pursuant to R.I.G.L. §5-37.3-1 et seq. On February 27, 2008, Co-Defendant, Rhode Island Hospital, filed this motion to quash and/or for protective order arguing that records subpoenaed are protected by the Rhode Island Confidentiality of Health Care Communication and Information Act.

## ARGUMENT

The Rhode Island Confidentiality of Health care Communication and Information Act provides that "the court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." (R.I.G.L. §5-37.3-6.1(d)) In balancing whether the need for the information clearly outweighs the privacy interest of the individual, "the court shall consider 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which the disclosure of the information would embarrass, injure, or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources." (R.I.G.L. §5-37.3-6.1(e))

University Gastroenterology, Inc. seeks a copy of the complete medical record of decedent Carole Ann McSorley in the possession of Rhode Island Hospital. As Administrator of decedent's estate, plaintiff initiated this medical negligence action, thereby placing decedent's medical condition and treatment at issue. Plaintiff did not challenge the subpoena within 20 days of service and has not challenged the subpoena to date. Co-Defendant, Rhode Island Hospital's medical record for decedent is highly relevant to this matter as plaintiff has alleged failure to diagnosis decedent's diverticulitis and treat it emergently against Rhode Island Hospital and its employee Dr. Sidman.

Plaintiff has minimal expectation of privacy. Plaintiff initiated this suit placing decedent's medical treatment at issue and has previously produced portions of the requested medical record. Mrs. McSorley expired on September 7, 2004. Production of the requested information would not embarrass or injure decedent and would not impact future medical treatment, as she is no longer living. A complete copy of the medical record cannot be obtained from any other source because it was produced in the course of decedent's evaluation and treatment at Rhode Island Hospital and is maintained and controlled by the Hospital.

Defendant seeks a complete copy of the medical records in possession of Rhode Island Hospital as it relates to decedent's symptoms, evaluation for, and treatment of abdominal pain nausea and vomiting. Decedent complained of loose stools as early as April 5, 2002 while treating at the Naval Ambulatory Care Center. During mental health visits at the Naval Ambulatory Care Center, decedent acknowledge that her symptoms were caused by environmental stressors and anxiety. On December 18, 2003, Dr. Palumbo began treating and evaluating decedent's gastrointestinal symptoms. Decedent presented to the Rhode Island Hospital Emergency Department on August 28, 2004 complaining of abdominal pain, nausea, and diarrhea was treated for these symptoms and released. On August 31, 2004, the Hospital's Radiology Department performed multiple imaging studies including ultrasounds. On September 3, 2004, decedent was scheduled for a CT scan at Rhode Island Hospital. This study was not completed because decedent had not ingested the required contrast solution. The CT Scan was rescheduled for September 9, 2004.

The information sought is of vital importance to this case. The requested medical record directly relates to decedent's symptoms, examination, treatment, and follow up care at issue in this matter and should be produced.

## **CONCLUSION**

The subpoenaed medical record is not protected by the Confidentiality of Health care Communication and Information Act. The necessity of production of the subpoenaed medical record clearly outweighs decedent's privacy interest because plaintiff placed decedent's medical

treatment at issue, a complete copy of the record cannot be obtained through any other source, and it contains Co-Defendant's contemporaneous evaluation of decedent.

**WHEREFORE**, Defendant, University Gastroenterology, Inc., prays this Honorable Court denies Co-Defendant's motion to quash.

DEFENDANT, UNIVERSITY GASTROENTERLOGY, INC,
By its Attorneys,

WHITE, CARLIN & KELLY, P.C.

/s/William F. White
William F. White, Esq. (#4271)
Corey J. Allard, Esq. (#7476)
155 Westminster Street, 7th Floor
The Westminster Square Building
Providence, RI 02903
(401)273-1400/(401)273-1177 - fax

**Certificate of Service**

I, William F. White, hereby certify that a copy of the within filed through the ECF system, will be sent electronically on 12th March 2008 to:

Aram R. Schefrin, Esq.
Lovett, Schefrin & Harnett
155 South Main Street
Providence, RI 02903

Francis A. Connor III, Esq.
Taylor, Duane, Barton & Gilman
10 Dorrance Street, Suite 700
Providence, RI 02903

Michael G. Sarli, Esq.
Gidley, Sarli & Marusak
One Turks Head Place, Suite 900
Providence, RI 02903

Seth E. Bowerman
Bowerman & Taylor Guertin
One Turks Head Place, Suite 1300
Providence, RI 02903

/s/ William F. White

0890.obj.mtquashi.doc