UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. MCSORLEY, SR., Individually
And as Administrator of the Estate of
CAROLE ANN MCSORLEY

v. C.A. NO. 07-052ML

UNITED STATES OF AMERICA,
KEVIN S. PALUMBO, M.D., alias,
THEODORE C. PALUMBO, M.D., alias,
THEODORE C. PALUMBO, M.D., INC., alias,
UNIVERSITY GASTROENTEROLOGY, INC., alias,
ROBERT D. SIDMAN, M.D., alias,
UNIVERSITY EMERGENCY MEDICINE
FOUNDATION, alias, and RHODE ISLAND HOSPITAL, alias

**MEMORANDUM OF DEFENDANT, *KEVIN S. PALUMBO, M.D.*,**
**IN SUPPORT OF MOTION TO DISMISS**

The Defendant, *KEVIN S. PALUMBO, M.D.*, hereby moves for an order dismissing the Plaintiff's Complaint for the Plaintiff's failure to name an expert witness in accordance with this Court's Pre-Trial Order, attached hereto as **Exhibit A**. Alternatively, the Defendant requests that the Plaintiff be precluded from naming an expert witness due to his failure to comply with the Pre-Trial Order.

## I. BACKGROUND

This is a medical malpractice action in which the Plaintiff alleges that Dr. Palumbo negligently failed to diagnose and treat the diverticulitis of Carole Ann McSorley, leading to her death. Pursuant to this Court's Pre-Trial Order, the Plaintiff was required to make his expert witness disclosures, as required by Fed. R. Civ. P. 26(a)(2), by November 15, 2007 (see **Exhibit A**). The Plaintiff first identified Perry Hookman, M.D., as an expert witness expected to testify on his behalf at trial by way of an interrogatory answer on July 24, 2007. However, the Plaintiff

did not produce Dr. Hookman's report or the related information required by Fed. R. Civ. P. 26(a)(2) at that time. The Plaintiff still had not produced Dr. Hookman's report by Novemberr 15, 2007, the deadline for doing so. The Plaintiff finally produced Dr. Hookman's notes concerning Carole McSorley on December 21, 2007, some five (5) weeks past the November 15, 2007 deadline.

Counsel for Dr. Palumbo sent correspondence to counsel for the Plaintiff on February 20, 2008 and March 5, 2008 asking for available dates to depose Dr. Hookman. Plaintiff provided three such dates on March 10, 2008. The Defendant noticed Dr. Hookman's deposition for May 6, 2008 in Boca Raton, Florida. However, on April 2, 2008, counsel for the Plaintiff informed counsel for Dr. Palumbo that he would not be using Dr. Hookman as an expert in this case.

Subsequently, counsel for the Plaintiff had indicated that he had located another expert witness to review the case. However, as of the date of filing this motion, the Plaintiff has not identified that expert witness to replace Dr. Hookman, nor has the Plaintiff moved for additional time or otherwise to extend the Pre-Trial Order permitting him to name an expert witness.

## II. ARGUMENT

Fed. R. Civ. P. 37(b)(2)(A) provides sanctions for a party who fails to comply with a court order. Specifically, that rule provides:

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order or provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following...
> (i) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;...(v) dismissing the action or proceeding in whole or in part;...(vi) rendering a default judgment against the disobedient party[.]

Id.

This Court should apply one of these three sanctions against the Plaintiff. The Plaintiff's failure to name an expert witness and to move for relief from the Pre-Trial Order to do so constitutes a violation of this Court's Pre-Trial Order. Moreover, with full knowledge that he was in violation of the order due to his withdrawal of Dr. Hookman as an expert witness, the Plaintiff has never moved to extend the deadlines of the Pre-Trial Order or seek any other relief from the order. Accordingly, this Court should dismiss the Plaintiff's Complaint and/or enter judgment against the Plaintiff. Alternatively, this Court should enter an order prohibiting the Plaintiff from supporting his case with an expert witness.

Accordingly, this Court should enter an appropriate sanction against the Plaintiff for his violation of this Court's Pre-Trial Order, as set forth above.

Kevin S. Palumbo, M.D.
By his attorneys,

/S/ MICHAEL G. SARLI

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place Suite 900
Providence, Rhode Island 02903
(401) 274-6644 Fax: 331-9304

**CERTIFICATE OF SERVICE**

Aram R. Schefrin, Esq.
Lovett Schefrin Harnett
155 South Main Street
Providence, RI 02903

William F. White, Esq.
White, Carlin & Kelly, P.C.
155 Westminster Street, 7th Floor
Westminster Square Building
Providence, RI 02903

Francis A. Connor, III, Esq.
Taylor, Duane, Barton & Gilman
10 Dorrance Street
Providence, RI 02903

Seth E. Bowerman, Esq.
Bowerman & Taylor Guertin, P.C.
One Turks Head Place
Suite 1300
Providence, RI 02903

Adi Goldstein, Esq.
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

I hereby certify that I forwarded a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS to the above-referenced counsel of record electronically via the Court's CM/ECF system on this 30th of May, 2008.

/S/ MICHAEL G. SARLI

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

William J. McSorley, Sr..
Individually and as Administrator of the
Estate of Carole Ann McSorley

v. CA NO. 07-52ML

United States of America, et als

PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that all discovery will be closed by **November 17, 2008**. Plaintiff shall make its expert witness disclosures as required by F.R.Civ.P. 26(a)(2) by **November 15, 2007**. Defendant shall make its expert witness disclosures as required by F.R.Civ.P. 26(a)(2) by **May 15, 2008**. Dispositive motions shall be filed by **November 29, 2008**.

Counsel shall file **electronically**, 30 days after a decision on any dispositive motion, or, if no dispositive motions are filed, by **December 17, 2008** a memorandum which shall contain the following information:

1. (a) Plaintiff will set forth what is expected to be proven in support of the claim.

1. (b) Defendant will set forth what is expected to be proven in defense.

2. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations will be fully briefed.

3. A statement as to probable length of trial.

At least **10 days** before jury selection, or, in the case of a matter to be tried without a jury, **10 days** before trial is to begin, counsel shall submit to the court in **conventional form (paper)** the following:

EXHIBIT
A

5/15

1. A list of all witnesses expected to testify with a brief summary of each witness's testimony and a statement as to whether that witness will testify as an expert.

2. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All exhibits will be pre-marked by the plaintiff in numerical order and by the defendant in alphabetical order.

3. If the case is to be tried before a jury, full and complete proposed jury instructions.

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

After 10 days from the close of discovery, no motions shall be filed except by leave of the undersigned; the case is subject to being called for trial on 48-hour notice, unless otherwise ordered by the undersigned.

Every effort should be made to settle the case before jurors are summoned for impanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than 7 days before the scheduled impanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or their counsel if the court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
May 15, 2007

Entered as an Order of this Court on May 16, 2007.

Barbara Barletta
Deputy Clerk